UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DWAYNE SMITH, | : | CIVIL NO: 1:13-CV-03018 |
| | : | |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| NEWBERRY TOWNSHIP POLICE | : | |
| DEPARTMENT, *et al.,* | : | |
| | : | |
| Defendants | : | |
| | : | |

## REPORT AND RECOMMENDATION

### I. Introduction.

In this case, which was removed from state court, the plaintiff, Dwayne Smith, claims that the defendants violated his civil rights. The defendants moved to dismiss the complaint, and Smith moved to remand the case to state court on the basis that this Court does not have subject-matter jurisdiction. For the following reasons, we recommend that Smith's motion to remand for lack of subject-matter jurisdiction be denied, that the defendants' motion to dismiss the federal claims be granted, that the court decline to exercise supplemental jurisdiction over the state law claims, and that the state-law claims be remanded to the state court.

## II.  Background and Procedural History.

Smith began this action in the Court of Common Pleas of York County, Pennsylvania.  He filed a complaint naming as defendants the Newberry Township Police Department, Chief John Snyder, Officer Jesse Bloom, and Officer Michael Bosco.   Citing the Bill of Rights of the United States Constitution and the Declaration of Rights of the Pennsylvania Constitution, Smith claims that the defendants violated his civil rights.

Smith alleges that Bloom and Bosco allowed a gang of ten people to stalk him, trespass on his property, and beat him.  According to Smith, although the gang of ten started the events and should have been charged with crimes, they were not charged, but, rather, he was charged.  Smith alleges that he was later found not guilty of all criminal charges.  He contends that the police intimidated him, sided with his attackers, and did not conduct an appropriate investigation.  He alleges that the Newberry Township Police Department should be held accountable because Chief Snyder did not look into anything and just went with whatever his officers told him.   He complains about being sent to jail without a free phone call, and he contends that this violated the Bill of Rights.   According to Smith, to this day the Newberry Township Police Department continues to harass and intimidate him.   He is seeking monetary damages.

The defendants removed the case to this Court on the basis that this Court has federal-question jurisdiction because Smith is asserting a 42 U.S.C. § 1983 claim for malicious prosecution in violation of the Fourth Amendment.  The defendants then moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), for a more definite statement pursuant to Fed.R.Civ.P. 12(e),  and to strike redundant, immaterial, impertinent, or scandalous matter pursuant to Fed.R.Civ.P. 12(f).  Thereafter, contending that he did not claim a violation of the Fourth Amendment or mention 42 U.S.C. § 1983 in his complaint and that his reference to his civil rights was a reference to his rights under the Pennsylvania Constitution, Smith filed what we construe as motions to remand the case to state court on the basis that this Court does not have federal-question jurisdiction.   We address the motions to remand and the motion to dismiss in this Report and Recommendation.

**III. Motions To Remand.**

Contending that he did not raise a federal claim in his complaint, Smith suggests that this Court lacks subject-matter jurisdiction and that, accordingly, this case must be remanded to the state court.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994), and "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress

pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986).  The court has an obligation to satisfy itself that it has subject-matter jurisdiction. *Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72, 77-78 (3d Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  The party who removed the case to federal court bears the burden of showing that the court has subject-matter jurisdiction, and the removal statute is "strictly construed against removal." S*ikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

Federal courts have federal-question jurisdiction over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "An action 'arises' under federal law when 'the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" S*hupp v. Reading Blue Mountain*, 850 F. Supp. 2d 490, 495 (M.D. Pa. 2012)(quoting *Louisville & N.R. Co. v. Mottley,* 211 U.S. 149, 152 (1908)).  Removal on the basis of federal-question jurisdiction "generally requires that a federal question be presented on the face of the plaintiff's properly pleaded complaint." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 228 (3d Cir. 1995).  "This well-pleaded complaint rule 'makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.'" *Trans Penn Wax Corp. v.*

4

*McCandless*, 50 F.3d 217, 228 (3d Cir. 1995) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  "A plaintiff may not, however, plead around a federal question if the plaintiff's claim 'necessarily depends' on federal law." *Shadie v. Aventis Pasteur, Inc.,* 254 F.Supp.2d 509, 516 (M.D.Pa. 2003).  "Yet, the 'mere presence of a federal issue in a state cause of action does not automatically confer jurisdiction.'" *Id.* (quoting *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813 (1986)).  "Thus, federal courts may hear only those removed cases 'in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983)).

Here, the defendants contend that the Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because, in his complaint, Smith alleges a violation of the Bill of Rights.  Smith, on the other hand, contends that his complaint is based solely on state law and the Constitution of Pennsylvania.  Although Smith now disavows any reliance on federal law, his complaint, although not a model of clarity, specifically cites the Bill of Rights of the United States Constitution.   Thus, we conclude that the complaint is based, at least in part, on federal law, and the Court, therefore, has federal-question jurisdiction.

Accordingly, we will recommend that Smith's motion to remand based on lack of subject-matter jurisdiction be denied.

## IV.  Motion to Dismiss.

### A.  Motion to Dismiss and Pleading Standards.

In accordance with Fed.R.Civ.P. 12(b)(6), the court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a motion to dismiss, "[w]e must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  In making that determination, we "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

"A Rule 12(b)(6) motion tests the sufficiency of the complaint against the pleading requirements of Rule 8(a)." *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012).  "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009).  The statement required by Rule 8(a)(2) must give the

6

defendant fair notice of what the plaintiff's claim is and of the grounds upon which

it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations

are not required, but more is required than labels, conclusions, and a formulaic

recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 555 (2007).  "In other words, a complaint must do more than allege the

plaintiff's entitlement to relief." *Fowler,* 578 F.3d at 211.  "A complaint has to

"show" such an entitlement with its facts." *Id.*

In practice, consideration of the legal sufficiency of a complaint entails a

three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead
> to state a claim.' Second, the court should identify allegations that,
> 'because they are no more than conclusions, are not entitled to the
> assumption of truth.' Finally, 'where there are well-pleaded factual
> allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Tp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal,* 556

U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and

"'however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers.'" *Erickson,* 551 U.S. at 94 (quoting *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (1976)).  Nevertheless, "pro se litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina,*

*Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).  Thus, a well-pleaded complaint must

contain more than mere legal labels and conclusions.  Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

### B.  The Complaint Fails To State a Federal Claim Upon Which Relief Can Be Granted.

Federal constitutional claims are brought under 42 U.S.C. § 1983.  "Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." *Shuman v. Penn Manor School Dist.,* 422 F.3d 141, 146 (3d Cir. 2005).  Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." *Id.*  To establish a claim under § 1983, the plaintiff must establish a deprivation of a federally protected right and that this deprivation was committed by a person acting under color of state law. *Woloszyn v. County of Lawrence*, 396 F.3d 314, 319 (3d Cir. 2005).

While Smith specifically cites the Bill of Rights of the United States Constitution in his complaint, the basis of any federal claim is not clear.  The complaint is rambling and confusing.  It does not set forth facts from which it can reasonably be inferred that the defendants violated Smith's federal rights.  It does

not provide the defendants fair notice of what Smith's federal claims are and of the grounds upon which those claims rest.  Accordingly, the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted.

### C. The Court Should Decline To Exercise Supplemental Jurisdiction Over the State-Law Claims.

Given that the complaint fails to state a 42 U.S.C. § 1983 claim upon which relief can be granted, all that remains is Smith's state law claims over which this court has supplemental jurisdiction.  Whether to exercise supplemental jurisdiction is within the discretion of the court.  28 U.S.C. § 1367(c)(3) provides that district courts may decline to exercise supplemental jurisdiction over a state law claim if the district court has dismissed all claims over which it has original jurisdiction. When deciding whether to exercise supplemental jurisdiction, "a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)(quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 (1988)).  The Third Circuit has held that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109,

9

123 (3d Cir. 2000)(quoting *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

In this case, considerations of judicial economy, convenience, and fairness do not provide an affirmative justification for exercising supplemental jurisdiction after the court disposes of the federal claims.  Rather, those factors weigh in favor of remanding the case to the Court of Common Pleas. *See Carnegie-Mellon University v. Cahill,* 484 U.S. 343 (1988)(holding that in a removal action a district court has discretion to remand to the state court state-law claims over which it declines to exercise pendent jurisdiction and indicating that remand is often preferable to dismissal).   Accordingly, we recommend that the Court decline to exercise supplemental jurisdiction over the state-law claims, and that it remand those claims to the Court of Common Pleas of York County.

**V.  Recommendations.**

Accordingly, for the foregoing reasons, it is recommended that Smith's motions (docs 6 & 14) to remand based on lack of subject-matter jurisdiction be denied.  It is further recommended that the defendants' motion (doc. 4) to dismiss be granted, that the court decline to exercise supplemental jurisdiction over the state-law claims, and that the state-law claims be remanded to the Court of Common Pleas of York County, Pennsylvania.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of May, 2014.


*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

11